IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-CR-154 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| MARK CHARLES LAMBERT, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin Herdman, United States Attorney, and Payum Doroodian, Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of Defendant Mark Charles Lambert. The United States agrees with the calculation within the Presentence Investigation Report ("PSR"), placing Defendant's Criminal History Category as VI and Offense Level as 21 after acceptance of responsibility. Thus, Defendant's advisory Sentencing Guidelines range is 77 to 96 months (Doc. No. 21 at ¶ 53). For the reasons set forth below, this Court should impose a sentence within the advisory Guidelines range.

I. FACTUAL BACKGROUND

On September 20, 2018, Ashtabula Police Department officers observed Defendant Mark Lambert leave an apartment building carrying a black bag. Being familiar with Lambert's extensive criminal history, officers checked and discovered that Lambert had three active warrants. After detaining Lambert, the officers searched the black bag and found a Taurus .40 caliber pistol with the serial number altered or obliterated as well as heroin needles and drug paraphernalia.

After his arrest, Lambert agreed to speak with officers. During this interview he admitted to being addicted to heroin, using it three times daily and "middling" in narcotics sales. Lambert claimed that he had bought the gun a month before his arrest and that the serial numbers had already been defaced. He admitted that he knew it was wrong for him to possess the firearm and ammunition but that he had been receiving threats on his life after he committed a burglary during which he said he stole $4,000. Lambert had not been employed for the past eighteen months and claims affiliation with the Arian Brotherhood gang.

## II. APPLICATION OF § 3553(a) FACTORS

Considering the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, a within-Guidelines sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, protect the public, and afford adequate deterrence.

The instant offense is just one in a long pattern of serious criminal behavior. Most notably, Lambert has been previously convicted of numerous violent crimes, including assault on a peace officer, robbery, and assault. (Doc. No. 21 at ¶¶ 25, 27, 30). Although Lambert's current offense is not in and of itself a violent crime, possessing a firearm and ammunition certainly creates a risk of violence and poses a danger to the safety of the community, especially when the firearm is in the hands of a violent criminal like Lambert.

Defense argues that a downward departure from the advisory guideline is warranted in this case because Lambert's criminal history category is overrepresented. Given the Lambert's age, gang affiliation, and the seriousness of the prior convictions, including the numerous probation violations that did not score, if anything, Lambert's criminal history category score underrepresents Lambert's criminality. Furthermore, despite defense's claims that Lambert will be easily employable due to his skills with and passion for cars, he had no legitimate source of

income for over eighteen months before he was arrested. In addition, Lambert has repeatedly relapsed into substance abuse and admits to dealing drugs and robbing citizens to fund his habit. Even after completing a six-month residential substance abuse treatment, Lambert reverted back to his thug and drug lifestyle in 2017. (Doc. No. 21 at ¶ 46). For these reasons, this court should not vary or depart downward for this Defendant.

The Defendant's history of violence, as well as his own admissions of robbery, dealing drugs and illegally possessing a firearm shows a need for a sentence to both deter future criminal conduct and to protect the public. The instant offense shows that his prior sentences were insufficient to deter the Defendant from his pattern of criminal behavior or from repeatedly returning to drug use even after becoming sober. As such, a sentence within the Guideline range is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence and protect the public from future crimes of the Defendant.

### III. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court impose a sentence within the advisory Guidelines range.

    Respectfully submitted,

    JUSTIN HERDMAN
    United States Attorney

By:   /s/ Payum Doroodian
       Payum Doroodian (DC: 1035376)
       Assistant United States Attorney
       United States Court House
       801 W Superior Ave, Suite 400
       Cleveland, OH 44113
       (216) 622-3739
       (216) 522-2403 (facsimile)
       Payum.Doroodian@usdoj.gov

4

CERTIFICATE OF SERVICE

    I hereby certify that on this 1st Day of August 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                      /s/ Payum Doroodian
                                                      Payum Doroodian
                                                      Assistant U.S. Attorney